[Cite as *State v. Steidl*, 2011-Ohio-2320.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0025-M |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EARL M. STEIDL | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 08-CR-0361 |

DECISION AND JOURNAL ENTRY

Dated: May 16, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Earl Steidl sexually abused his adopted daughter. He pleaded guilty to one count of rape, two counts of gross sexual imposition, and one count of tampering with evidence. The trial court sentenced him to the maximum prison term for each conviction and ordered the terms for the rape and gross sexual imposition convictions to run consecutively to each other and concurrently with his tampering with evidence conviction for a total of 20 years imprisonment. We affirm the judgment of the trial court as it did not err by sentencing Mr. Steidl to the maximum period of incarceration for each offense, by ordering some of the prison terms to be served consecutively, or by reading letters sent by Mr. Steidl's siblings to the court.

BACKGROUND

**{¶2}** Mr. Steidl was indicted on one count of rape of a child under the age of ten, two counts of gross sexual imposition of a child under the age of thirteen, and one count of tampering

with evidence. At the time Mr. Steidl allegedly committed the acts with which he was charged, Section 2907.02(B) of the Ohio Revised Code imposed a life sentence for rape of a child under the age of ten. Plea negotiations led to count one of the indictment being altered to charge one count of rape of a child under the age of thirteen, which eliminated the requirement for a life sentence. He then pleaded guilty to all four counts.

{¶3} At sentencing, the trial court discussed its view that Mr. Steidl had harmed the very idea of family. During its discussion of his crimes, it mentioned that it had received letters from his brother and sister and that, "despite [his] act, and admitted act, [they were] willing to stand up for [him]." It stated that the letters were examples of the trust and support inherent in family, which Mr. Steidl had violated. It then sentenced him to the maximum prison term for each count and ordered the counts of rape and gross sexual imposition be served consecutively to each other.

{¶4} Mr. Steidl appealed, and this Court vacated his sentence due to an error in the imposition of post-release control. *State v. Steidl*, 9th Dist. No. 09CA0010-M, 2009-Ohio-5053, at ¶7, 9. The trial court held a new sentencing hearing and imposed the same sentence.

## CORRESPONDENCE

{¶5} Mr. Steidl's first assignment of error is that the trial court incorrectly considered documents from outside the record when it sentenced him. Specifically, he has pointed to statements by the trial court during sentencing that indicated that it had received the letters from Mr. Steidl's brother and sister. He has argued that "[p]rivate communications, even those unsolicited from the public, are not permitted and rise to a level of structural error in the sentencing proceedings."

{¶6}   Structural errors "'defy analysis by "harmless error" standards' because they 'affect[ ] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.'"  *State v. Fisher*, 99 Ohio St. 3d 127, 2003-Ohio-2761, at ¶9 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991)).  The United States Supreme Court has determined error to be structural in a "very limited class of cases."  *State v. Wamsley*, 117 Ohio St. 3d 388, 2008-Ohio-1195, at ¶16 (quoting *State v. Perry*, 101 Ohio St. 3d 118, 2004-Ohio-297, at ¶18).   These cases include complete denial of counsel, a biased judge, racial discrimination in selection of grand jury, denial of self-representation at trial, denial of public trial, and a defective reasonable doubt instruction.  *Id.*  (quoting *Perry*, 2004-Ohio-297, at ¶18). Even if the trial court considered the letters when sentencing Mr. Steidl, letters from a defendant's siblings do not rise to the level of structural error.

{¶7}   Mr. Steidl's trial lawyer did not object to the trial court considering the letters. Accordingly, he has forfeited all but plain error regarding them.  Plain errors are errors that affect substantial rights.   Crim.R. 52(B).   Although Rule 52(B) of the Ohio Rules of Criminal Procedure permits appellate courts to take notice of plain errors, such notice is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *State v. Long*, 53 Ohio St.2d 91, 97 (1978).  To prevail on a claim of plain error, Mr. Steidl would have to show that, "but for the error, the outcome of the trial clearly would have been otherwise."  *State v. Murphy*, 91 Ohio St. 3d 516, 532 (2001) (quoting *State v. Campbell*, 69 Ohio St. 3d 38, 41 (1994)).

{¶8}   Mr. Steidl has not made any attempt to show how the trial court's consideration of letters from his siblings would have been prejudicial to him.  The letters appear to have been in support of him, as the trial court mentioned that they demonstrated that his siblings were "willing

to stand up for [him]." Even if they were not in support, given the serious nature of the charges to which he pleaded guilty and the other information available to the trial court, it is difficult to imagine how anything in the letters would have been prejudicial to him in any way.

{¶9} The trial court's consideration of letters from Mr. Steidl's siblings did not constitute structural error. Further, Mr. Steidl did not object when the trial court referred to the letters, forfeiting all but plain error, and he has not demonstrated that, but for the content of the letters, his sentence would have been different. Accordingly, he has failed to demonstrate that the trial court committed plain error regarding the letters. Mr. Steidl's first assignment of error is overruled.

## SENTENCING

{¶10} Mr. Steidl's second assignment of error is that the trial court incorrectly ordered his sentences on counts one, two, and three to be served consecutively. His third assignment of error is that the trial court incorrectly sentenced him to the maximum prison term for each count. His fourth assignment of error is that the trial court abused its discretion when it sentenced him to the maximum prison term on all four counts and ordered the sentences for counts one, two, and three to run consecutively.

{¶11} When reviewing felony sentencing, an appellate court must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is contrary to law. If the sentence is not contrary to law, it is then reviewed for abuse-of-discretion. *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶4.

{¶12} According to Mr. Steidl, he was entitled to a presumption of concurrent sentences under Section 5145.01 of the Ohio Revised Code. Under that section, "[i]f a prisoner is

sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14 and 2929.41 of the Revised Code apply." After the parties filed their briefs in this case, however, the Ohio Supreme Court recognized that *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, left "no specific statute in place to govern the imposition of consecutive sentences beyond the basic statutes regarding the 'purposes and principles of sentencing' . . . [and] that common-law sentencing presumptions were therefore reinstated, giving trial judges 'the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently.'" *State v. Hodge*, 128 Ohio St. 3d 1, 2010-Ohio-6320, at ¶12 (quoting *State v. Bates*, 118 Ohio St. 3d 174, 2008-Ohio-1983, at ¶18-19); see also *State v. Elmore*, 122 Ohio St. 3d 472, 2009-Ohio-3478 (holding that a trial court has the discretion to impose consecutive sentences following *Foster* and *Bates*). Accordingly, Section 5145.01 of the Ohio Revised Code does not hinder the trial court's ability to impose consecutive sentences.

{¶13} Mr. Steidl has also argued that the record does not indicate that the trial court considered the factors listed in Section 2929.12 of the Ohio Revised Code when sentencing him. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶18 fn. 4; see also *State v. Estright*, 9th Dist. No. 24401, 2009-Ohio-5676 at ¶60 ("A silent record raises the presumption that the trial court considered the factors contained in [Section] 2929.12.") (quoting *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, at ¶34). The trial court sentenced Mr. Steidl to 10 years imprisonment on count one, a first degree felony, and 5 years each on counts two, three, and four, which were all third-degree felonies. As Mr. Steidl's prison terms

are within the statutory ranges, it is assumed the trial court considered the factors listed in Section 2929.12, and he has made no attempt to rebut this presumption. Accordingly, this Court concludes that his sentences are not contrary to law.

{¶14} Mr. Steidl has argued that, even if the trial court considered the factors in Section 2929.12 of the Ohio Revised Code, it abused its discretion in "maxing and stacking" his sentences. He has argued that he has shown genuine remorse, has lived as a law abiding citizen for a number of years, has not been convicted or pleaded guilty to any other criminal offense, and his offenses were committed under circumstances unlikely to reoccur. These are all factors under Section 2929.12(E) that demonstrate that he is not likely to commit future crimes.

{¶15} Mr. Steidl has argued that, of the "more serious" factors found in Section 2929.12(B) of the Ohio Revised Code, only Section 2929.12(B)(6), his relationship with the victim facilitated the offense, applies. This argument ignores the presentence investigation report's finding that Section 2929.12(B)(2), that the victim suffered serious physical or psychological harm, also applies. Further, given how young the victim was, the trial court could have also considered Section 2929.12(B)(1), which provides that "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of . . . the age of the victim."

{¶16} The factors listed in Section 2929.12 of the Ohio Revised Code are viewed through the prism of the principles of felony sentencing set forth in Section 2929.11(A) of the Ohio Revised Code. The principles of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A) "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making

restitution to the victim of the offense, the public, or both." *Id.* Section 2929.11(B) requires that a sentence "be reasonably calculated to achieve the two overriding purposes of felony sentencing . . . commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶17} Though his plea negotiations resulted in count one of the indictment being altered to charge rape of a child under the age of thirteen, which reduced his maximum sentence from a mandatory life imprisonment to ten years imprisonment, this did not change the fact that the abuse began when his daughter was less than ten years old. Further, reviewing the record and the presentence investigation report, it is clear that Mr. Steidl's actions constituted a systematic exploitation of his daughter. During sentencing, the trial court focused on Mr. Steidl abusing the trust and authority that comes with being a father. Even presuming Mr. Steidl met all five factors in Section 2929.12(E) of the Ohio Revised Code, it was within the trial court's discretion to weigh those factors against the applicable ones under Section 2929.12(B).

{¶18} Mr. Steidl sexually abused his adopted daughter and attempted to cover it up by destroying evidence. Nothing in the record supports his argument that his sentence is unreasonable, arbitrary, or unconscionable under the circumstances. Accordingly, the trial court did not abuse its discretion by sentencing him to maximum, consecutive prison terms for the counts of rape and gross sexual imposition.

{¶19} Mr. Steidl has also challenged his sentence for tampering with evidence. The record indicates that Mr. Steidl destroyed a memory card for his camera, attempting to prevent its discovery. The memory card apparently contained images of his daughter and her siblings in various stages of undress. He has not made any argument to demonstrate how the trial court's

sentence was unreasonable, arbitrary, or unconscionable. This Court cannot conclude that the trial court abused its discretion in sentencing him to the maximum prison term for a third-degree felony. Mr. Steidl's second, third, and fourth assignments of error are overruled.

## CONCLUSION

{¶20} The trial court reading letters addressed to it by Mr. Steidl's siblings does not constitute structural error. Further, it did not abuse its discretion in sentencing him to maximum consecutive sentences after he pleaded guilty to raping and committing gross sexual imposition of a minor under thirteen years of age. It also did not abuse its discretion when it sentenced him to the maximum prison term for tampering with evidence. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶21} In his first assignment of error, Mr. Steidl solely argues structural error in relation to the trial court's consideration of the letters at sentencing. I agree with the majority that structural error does not lie. I would end the analysis there. I concur with the remainder of the opinion.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶22} I concur in the majority's judgment with respect to the first assignment of error as I agree that Mr. Steidl has not demonstrated that the trial court's consideration of letters from Mr. Steidl's siblings constituted reversible error. See *State v. Kienzle*, 9th Dist. No. 07CA009078, 2007-Ohio-4346, at ¶14 (Carr, P.J., concurring); see, also, *State v. Douglas*, 9th Dist. No. 24069, 2008-Ohio-5568, at ¶22 (Carr, P.J. concurring).

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and RUSSELL A. HOPKINS, Assistant Prosecuting Attorney, for Appellee.