[Cite as *State v. Vigilante*, 2015-Ohio-4221.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 14CA0039-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VINCENT F. VIGILANTE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13CR0649 |

DECISION AND JOURNAL ENTRY

Dated: October 13, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, Vincent Vigilante, appeals the judgement and sentence of the Medina County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} The victim, an elderly widow, lived alone in her home in Medina County, Ohio. Vigilante worked as a handyman for the widow since her husband's death approximately four years ago.

{¶3} In September of 2013, the widow discovered that her First Merit savings account contained approximately $18,000 less than it otherwise should. Vigilante drove the widow to her local First Merit branch where she inquired about the balance of her savings account. The widow met with Ms. Sabrina Marshall, the branch manager, and learned that rapid ATM withdrawals had been made on her savings account on numerous occasions over the course of

the previous four months. Vigilante was present during this meeting between the widow and Ms. Marshall.

{¶4} In response to the widow's insistence that she never withdrew such large amounts of money from her account, Ms. Marshall requested security photos of four randomly selected ATM transactions through the bank's security system. The following day, Ms. Marshall received the security photos, which all depicted Vigilante withdrawing money from the widow's account. Ms. Marshall immediately forwarded this information to the widow. The widow confronted Vigilante with this information and he admitted to stealing money from the savings account. The suspicious withdrawals from the widow's savings account instantly stopped following her meeting with Ms. Marshall. First Merit eventually credited the widow's savings account with the money that was improperly withdrawn.

{¶5} The Medina County Grand Jury subsequently indicted Vigilante on one count of theft from an elderly person in an amount greater than $7,500 but less than $37,500 in violation of R.C. 2913.02(A)(1), (B)(3), a felony of the third degree. Vigilante waived his right to a jury trial and the matter proceeded with a bench trial. The State presented three witnesses at trial: the widow, Ms. Marshall, and Deputy Sheriff Keith Curtin of the Medina County Sheriff's Office. At the close of the State's case-in-chief, Mr. Vigilante moved for a Crim.R. 29 judgment of acquittal on the basis that the State failed to put forth sufficient evidence demonstrating that he stole in excess of $7,500. The trial court denied Vigilante's motion and the defense rested without calling any witnesses. The trial court found Vigilante guilty of the sole count in the indictment and ultimately sentenced him to 12 months in prison with credit for six days already served.

{¶6}    Mr. Vigilante filed this timely appeal, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING MR. VIGILANTE GUILTY OF VIOLATING O.R.C. §2913.02(A)(10) THEFT OF THE ELDERLY, A THIRD DEGREE FELONY (F3), IN THAT THE STATE OF OHIO DID NOT PROVE BEYOND A REASONABLE DOUBT THAT THE AMOUNT OF THE THEFT WAS IN EXCESS OF $7,500.00, AS REQUIRED FOR A FELONY 3 THEFT CONVICTION.

{¶7}    In his first assignment of error, Vigilante argues that his theft conviction was based on insufficient evidence.[1]  Specifically, while Vigilante admits to stealing from the widow, he maintains that the State failed to present sufficient evidence to demonstrate that he stole more than $7,500.00.  We disagree.

{¶8}    "We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence."  *State v. Frashuer,* 9th Dist. Summit No. 24769, 2010–Ohio–634, ¶ 33.  The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.  *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997).  When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production.  *Id.* at 390 (Cook, J., concurring).  In making this determination, an appellate court must engage in the following analysis:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

---

[1] Although Vigilante provides the "manifest weight of the evidence" standard in his appellate brief, his argument strictly addresses the sufficiency of the State's evidence.  As such, we limit our review to Vigilante's sufficiency challenge.

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

{¶9} R.C. 2913.02(A)(1) states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Ohio's theft statute expressly lists the elderly as being a "protected class." R.C. 2913.02(B)(3). The statute goes on to state that "[i]f the value of the property or services stolen is [$7,500.00] or more and is less than [$37,500.00], theft from a person in a protected class is a felony of the third degree." *Id.* The only element of the theft offense that Vigilante challenges on appeal is the value of the property that he stole from the widow's savings account. However, we determine that the State did present sufficient evidence that could support a finding that Vigilante stole in excess of $7,500.00 from the widow.

{¶10} At trial, the State presented the testimony of Ms. Marshall, the widow, and Deputy Curtin. Ms. Marshall testified that large amounts of money had been withdrawn from the widow's savings account over the course of a four-month period, starting in May of 2013 and ending in September of 2013. She added that prior to May of 2013, bank records indicate that the only activity involving the savings account were a few withdrawals usually around tax season, and social security deposits and interest payments. Ms. Marshall further testified that she requested ATM security photos from four random dates when money was suspiciously withdrawn from the widow's savings account. The photographs all depicted Vigilante making withdrawals from the widow's savings account.

{¶11} The widow testified that she only withdrew money from her savings account to pay her taxes and that any other withdrawal that she made was taken solely from her checking account. The widow further testified that she never withdrew cash from the ATM, let alone on the days where bank records showed suspicious withdrawals being made from her savings account in 2013. Lastly, the widow testified that she never gave Vigilante permission either to take her ATM card or to withdraw money from her savings account.

{¶12} Deputy Curtin testified that he interviewed Vigilante at the Medina County Sheriff's Office, during which time Vigilante admitted to stealing money from the widow's account. Moreover, Deputy Curtin testified that when he asked Vigilante how much money he thought he took from the savings account in total, Vigilante approximated $9,000.00.

{¶13} We determine from the testimony that the State presented sufficient evidence that Mr. Vigilante stole in excess of $7,500.00 from the widow's savings account.

{¶14} Vigilante's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN SENTENCING MR. VIGILANTE (A FIRST TIME FELONY CONVICTION WITH LOW RISK FACTOR AND WITH NO APPLICABLE SENTENCING FACTORS) TO A TWELVE (12) MONTH PRISON SENTENCE.

{¶15} In his second assignment of error, Mr. Vigilante argues that the trial court erred by improperly weighing the felony sentencing factors enumerated in R.C. 2929.12 and sentencing him to a term of incarceration rather than a community control sanction. We disagree.

{¶16} "A plurality of the Supreme Court of Ohio held that appellate courts should implement a two-step process when reviewing a felony sentence." *State v. Clayton,* 9th Dist. Summit No. 26910, 2014–Ohio–2165, ¶ 43, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008–

Ohio–4912, ¶ 26. "The first step, reviewed de novo, is to ensure that the trial court complied with applicable rules and statutes in imposing the sentence." *Id*. "If the first step is satisfied, the second [step] is to review the term of imprisonment for an abuse of discretion." *Id*.

{¶17} In this case, although the trial court did not explicitly mention R.C. 2929.12 during the sentencing hearing, it is presumed that the trial court considered these factors when a sentence falls within the statutory range. *See State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13. Here, the trial court sentenced Vigilante to 12 months in prison for theft from an elderly person, a third degree felony. This sentence falls within the prescribed statutory range. R.C. 2929.14(A)(3)(b). As such, we determine that the trial court's sentence is not contrary to law.

{¶18} However, in turning to the second prong of our analysis, we note that Vigilante has failed to include in the appellate record a copy of the presentence investigation report ("PSI"), which the trial court referenced at the sentencing hearing. *See State v. McGowan,* 9th Dist. Summit No. 27092, 2014–Ohio–2630, ¶ 6 ("When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm."), quoting *State v. Taylor,* 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13CA010368, 13CA010369, 2014–Ohio–2001, ¶ 6. Given the absence of the PSI report from the record, we are unable to fully review whether the trial court abused its discretion in sentencing him and we must presume regularity. *Id*.

{¶19} Vigilante's second assignment of error is overruled.

III.

{¶20} With both of Vigilante's assignments of error having been overruled, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.