[Cite as *State v. Sapper*, 2018-Ohio-570.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     28696 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARL E. SAPPER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2016-12-4271 |

DECISION AND JOURNAL ENTRY

Dated: February 14, 2018

SCHAFER, Presiding Judge.

{¶1}   Defendant-Appellant, Carl Sapper, appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, we affirm.

I.

{¶2}   This matter arises from a hit/skip accident involving a pedestrian.  The Barberton Police and the Barberton Fire Department were dispatched to the scene of the accident where they found the pedestrian, S.H, unconscious and not breathing.  Emergency personnel began treatment and subsequently transported S.H. to the hospital.  S.H. ultimately died from his injuries.  Following a detailed investigation, the police located the vehicle involved in the hit/skip and identified Sapper as the driver.

{¶3}   The Summit County Grand Jury subsequently indicted Sapper for hit/skip, in violation of R.C. 4549.02, a felony of the third degree.  Sapper ultimately pleaded guilty to the charges and after the completion of a presentence investigation and a victim impact statement,

the trial court sentenced Sapper to a maximum term of three years imprisonment with three years of mandatory post release control and a three year driver's license suspension.

{¶4}   Sapper filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court abused its discretion by imposing a maximum prison sentence.**

{¶5}   In his sole assignment of error, Sapper contends that the trial court abused its discretion by imposing a maximum sentence.  Specifically, Sapper argues that the trial court abused its discretion by failing to follow the recommendation contained in the presentence investigation report since he only had one prior felony conviction for non-support of dependents, three misdemeanors, a number of traffic offenses, was not under supervision at the time of the offense, and showed genuine remorse for his actions.  We disagree.

{¶6}   In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶7}   The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences."  *State v. Foster*, 109 Ohio St.3d 1,

2006-Ohio-856, paragraph seven of the syllabus. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶8} In this case, there is no dispute that the trial court's sentence falls within the statutory sentencing range. *See* R.C. 2929.14(A)(3)(b) (setting forth a range of nine to thirty-six months for certain third-degree felonies). At the sentencing hearing, the trial court stated that it had read the presentence investigation report. The trial court then heard from the victim's parents, the prosecutor, Sapper's trial counsel, and Sapper himself. A review of the transcript from the hearing shows that the trial court specifically addressed the application of the relevant sentencing factors and stated that the only sentencing factor that seemed to weigh in Sapper's favor was remorse. Nonetheless, the trial court noted that Sapper did not take responsibility for his actions until after he was arrested despite knowing almost immediately after the accident that he had hit a person and further noting the "extraordinary efforts" Sapper went to conceal what had happened. The trial court then stated that "in looking through all of the sentencing factors * * * that the sentence to be imposed in this case is three years." Likewise, in its sentencing entry, the trial court stated that it had considered the record, statements of counsel, as well as the

principles and purposes of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶9} Upon review of the record, we cannot find by clear and convincing evidence that it does not support the three year maximum prison sentence imposed by the court. *See Marcum*, 2016-Ohio-1002 at ¶ 23. Sapper's assignment of error is overruled.

III.

{¶10} Sapper's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.