[Cite as *State v. Burnette*, 2022-Ohio-1103.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

STATE OF OHIO

    Appellee

    v.

SCOTT BURNETTE

    Appellant

C.A. No.    20AP0036

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2020 CR-B 000270

DECISION AND JOURNAL ENTRY

Dated: March 31, 2022

CALLAHAN, Judge.

{¶1}  Defendant-Appellant, Scott Burnette, appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2}  Late one evening, police officers responded to an apartment Mr. Burnette shared with his male partner, J.K., because J.K. had called 911. Officers separately interviewed the two men and learned that an altercation had taken place in their shared bedroom. Both Mr. Burnette and J.K. reported that J.K. had locked the bedroom door from the inside, Mr. Burnette had demanded to be let in, and, when J.K. refused, Mr. Burnette had broken through the door. The details of their accounts varied after that point, but there was no dispute that Mr. Burnette pulled J.K. from the bed by his leg before holding him down on the bed and punching him in the face. Mr. Burnette claimed that he held J.K. down on the bed because J.K. kicked him in the chest. He further claimed that he punched J.K. in the face because J.K. bit down on his thumb and would not

let go. Meanwhile, J.K. claimed that he freed his leg without kicking Mr. Burnette and only bit Mr. Burnette's thumb because Mr. Burnette was pinning him to the bed and holding a closed fist to his face in a threatening manner. After speaking with both men, the police determined Mr. Burnette was the primary aggressor and arrested him.

{¶3} Mr. Burnette was charged with domestic violence, unlawful restraint, and disorderly conduct. He initially pleaded guilty on all charges, but later withdrew his plea and requested a jury trial. A jury found him guilty on all counts, and Mr. Burnette was sentenced to fines and 90 days in jail. The trial court agreed to stay the execution of his sentence for purposes of an appeal.

{¶4} Mr. Burnette now appeals from the trial court's judgment and raises five assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY VERDICT
OF GUILTY.

{¶5} In his first assignment of error, Mr. Burnette argues that his convictions are based on insufficient evidence. This Court disagrees.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in

favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7} A person commits domestic violence if he "knowingly cause[s] or attempt[s] to cause physical harm to a family or household member." R.C. 2919.25(A). The crime of unlawful restraint occurs when a person knowingly, and without privilege to do so, "restrain[s] another of the other person's liberty." R.C. 2905.03(A). Finally, a person engages in disorderly conduct if he "recklessly cause[s] inconvenience, annoyance, or alarm to another by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]" R.C. 2917.11(A)(1).

{¶8} J.K. testified that, when these events transpired, he and Mr. Burnette were in a relationship and living together. He testified that they had a verbal disagreement one evening, after which he decided to go to bed. J.K. ultimately locked the bedroom door and refused to open it when Mr. Burnette demanded that he do so. J.K. testified that Mr. Burnette repeatedly screamed at him through the locked door before using his body to break through it. Mr. Burnette then approached the bed, ripped the covers off J.K., and started shaking him while "saying nasty things." J.K. testified that he told Mr. Burnette to stop and tried to turn away, but Mr. Burnette punched him in the back, grabbed his leg, and dragged him out of bed and onto the floor. J.K. indicated that it was painful when he fell to the floor and felt like a rug burn. According to J.K., he shook his leg from Mr. Burnette's grasp and climbed back into bed, but Mr. Burnette climbed on top of him and held him down. He stated that they wrestled on the bed as he tried to free himself from Mr. Burnette, who was continuing to scream at him. J.K. managed to break free, but Mr. Burnette then grabbed him by the face and held him down again. J.K. testified that Mr. Burnette

made a fist with one hand and hovered his fist over J.K.'s face while screaming at him. At that point, J.K. felt Mr. Burnette meant to strike him, so he bit Mr. Burnette's thumb to try to break his hold. J.K. testified that the bite caused Mr. Burnette to let him go, but Mr. Burnette then punched him twice in the face. J.K. described how he suffered a bloody nose, lip swelling, bruises, and red marks as a result of the incident. The police took pictures of his injuries, and the State introduced those pictures at trial.

{¶9} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact reasonably could have concluded that the State proved each element of Mr. Burnette's convictions beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d at 273. There was evidence that Mr. Burnette caused physical harm to J.K, a household member, by pulling him from their shared bed and repeatedly punching him. *See* R.C. 2919.25(A). There was evidence that Mr. Burnette knowingly restrained J.K.'s liberty when he ignored J.K.'s protests and held him down on the bed. *See* R.C. 2905.03(A). Finally, there was evidence that Mr. Burnette recklessly caused J.K. to suffer inconvenience, annoyance, or alarm by engaging in fighting. *See* R.C. 2917.11(A)(1). Mr. Burnette has not challenged any of the specific elements of his three offenses. His argument consists strictly of a recitation of the sufficiency of the evidence standard and related case law. Absent any further argument on his part, this Court declines to engage in a more exhaustive review of his convictions. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Mr. Burnette has not shown that his convictions are based on insufficient evidence. Accordingly, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

[MR. BURNETTE'S] CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} In his second assignment of error, Mr. Burnette argues that his convictions are against the manifest weight of the evidence. This Court disagrees.

{¶11} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶12} Apart from J.K.'s testimony, the State introduced J.K.'s 911 call, testimony from two police officers who responded to that call, and pictures of J.K.'s injuries. J.K. called 911 within minutes of being punched by Mr. Burnette and informed the dispatcher that Mr. Burnette had attacked him. Officer Danielle Slichenmyer described how J.K. had blood on his face when she arrived. She noted that J.K. appeared upset, was shaking, and had tears in his eyes. Officer Phillip Coe testified that he spoke with Mr. Burnette for over an hour at the scene. Officer Coe testified that Mr. Burnette was calm and admitted yelling at J.K. through the locked bedroom door before breaking through the door, grabbing J.K. by the leg, and pulling him off the bed. He also admitted that he punched J.K. in the face when J.K. bit his thumb. The pictures the police took of J.K. showed redness to his back and arm as well as blood around his nose. The pictures also showed damage to the bedroom door in the apartment.

{¶13} Mr. Burnette testified in his own defense. He acknowledged that he broke through the locked door of the bedroom he shared with J.K. because J.K. would not open it. He denied that he punched J.K. in the back but admitted that he grabbed J.K.'s leg and pulled him off the bed.

According to Mr. Burnette, J.K. then kicked him in the chest, so he tackled J.K. onto the bed and tried to restrain him while J.K. grabbed at his face and hit him multiple times. Mr. Burnette testified that he held J.K. down until J.K. bit his thumb, causing him an immense amount of pain. Mr. Burnette testified that he repeatedly yelled at J.K. to release his thumb, but J.K. held on. Mr. Burnette then punched J.K. once in the face to free his thumb. Mr. Burnette introduced pictures showing marks on his own face and a mark on his thumb where J.K. had bitten him.

{¶14} Having reviewed the record, this Court cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice when it found Mr. Burnette guilty of his three offenses. *See Otten*, 33 Ohio App.3d at 340. While Mr. Burnette claims that his convictions are against the manifest weight of the evidence, he has not challenged any of the specific testimony or evidence introduced at trial as lacking in credibility. *See* App.R. 16(A)(7). Nor has he argued that the jury lost its way by rejecting his claim of self-defense. His argument is limited to an unsupported statement that the jury "substituted opinion and speculation for factual evidence" in finding him guilty. Yet, the jury had evidence before it that J.K.'s injuries were consistent with J.K.'s version of the events. To the extent there were differences or conflicts in the testimony at trial, the jury was in the best position to assess the credibility of the testifying witnesses. *See State v. Brown*, 9th Dist. Lorain No. 20CA011618, 2021-Ohio-2540, ¶ 48. Mr. Burnette has not shown that this is the exceptional case where the evidence weighs heavily against his convictions. *See Otten* at 340, citing *Martin*, 20 Ohio App.3d at 175. As such, his second assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED WHEN IT ALLOWED OVER DEFENSE OBJECTION TESTIMONY FROM POLICE OFFICER THAT [MR. BURNETTE] WAS DETERMINED TO BE THE PRIMARY AGGRESSOR WHICH WAS IRRELEVANT AND UNFAIRLY PREJUDICIAL TO [MR. BURNETTE].

**{¶15}** In his third assignment of error, Mr. Burnette argues that the trial court erred when it allowed a police officer to testify that he was the primary physical aggressor in the incident that occurred between him and J.K. For the following reasons, this Court rejects his argument.

**{¶16}** Under Evid.R. 403(A), otherwise relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The exclusion of relevant evidence under Evid.R. 403(A) rests within the discretion of the trial court. *State v Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. When considering a trial court's decision to exclude evidence under Evid.R. 403(A), this Court is "mindful that 'the exclusion of evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place.'" *State v. Thompson*, 9th Dist. Wayne No. 15AP0016, 2016-Ohio-4689, ¶ 25, quoting *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 40.

**{¶17}** Officer Coe responded to J.K.'s 911 call, spoke with Mr. Burnette for over an hour at the scene, and consulted with the other responding officers. He testified that, in domestic violence situations, department protocol dictates that responding officers identify the primary physical aggressor so that an arrest can be made. In the event the primary physical aggressor cannot be identified, Officer Coe testified, the police will work with the individuals involved to create a safety plan. Officer Coe explained that several factors are taken into account in a primary

physical aggressor determination, including the narrative offered by each party and the types of injuries each party has sustained.

{¶18}  Officer Coe testified that the police arrested Mr. Burnette because they identified him as the primary physical aggressor.  He explained that the police reached that decision because J.K. had separated himself from Mr. Burnette in the wake of their verbal disagreement, Mr. Burnette had broken through the bedroom door to reengage with J.K., the injuries Mr. Burnette had sustained appeared to be defensive injuries (i.e., injuries he sustained while J.K. was trying to defend himself), and the injuries J.K. had sustained did not appear to be defensive injuries.

{¶19}  Mr. Burnette argues that the trial court erred when it allowed Officer Coe to testify that he was the primary physical aggressor.  He argues that he was unfairly prejudiced by that testimony because neither the domestic violence statute, nor the unlawful restraint statute requires the trier of fact to make a primary physical aggressor determination.  According to Mr. Burnette, Officer Coe's testimony misled and confused the jury.

{¶20}  Having reviewed the record, this Court cannot conclude that the trial court erred when it admitted Officer Coe's testimony.  "The issue of who the primary aggressor is in an altercation is not an element of domestic violence[,]" *State v. Boldin*, 11th Dist. Geauga No. 2007-G-2808, 2008-Ohio-6408, ¶ 78, but that issue "may become relevant at trial when a defendant asserts self-defense * * *." *State v. Greig*, 5th Dist. Stark No. 2014CA00012, 2014-Ohio-4063, ¶ 23. *See also State v. Inman*, 9th Dist. Medina No. 03CA0099-M, 2004-Ohio-1420, ¶ 15.  Mr. Burnette argued self-defense at trial, and Officer Coe's testimony was relevant to his claim that he was only defending himself from J.K.  Moreover, the record reflects that Officer Coe never offered an opinion on the ultimate issue of whether Mr. Burnette was guilty of domestic violence or unlawful restraint. *See Greig* at ¶ 23 ("An officer's testimony regarding the primary aggressor

does not invade the province of the factfinder because the officer is not opining on the ultimate issue in the case."). Officer Coe readily admitted that he did not witness the incident between Mr. Burnette and J.K., he had to rely on the information they provided, an arrest does not equate to a finding of guilt beyond a reasonable doubt, and it was not his job to determine whether someone was guilty beyond a reasonable doubt. Mr. Burnette has not shown that the probative value of the officer's testimony was "substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). Accordingly, this Court cannot conclude that the trial court abused its discretion by admitting it. *See Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, at ¶ 107. Mr. Burnette's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

[MR. BURNETTE] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶21}** In his fourth assignment of error, Mr. Burnette argues that he received ineffective assistance of counsel. This Court disagrees.

**{¶22}** In order to demonstrate ineffective assistance of counsel, a defendant most show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id.* at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689.

Debatable trial strategy, for example, does not constitute ineffective assistance of counsel. *State v. Jones*, 9th Dist. Summit No. 29706, 2021-Ohio-1050, ¶ 21, quoting *State v. Shirley*, 9th Dist. Summit No. 20569, 2002 WL 5177, *7 (Jan. 2, 2002).

{¶23} First, Mr. Burnette argues that he received ineffective assistance of counsel because his attorney failed to move for a judgment of acquittal at the close of the State's case. According to Mr. Burnette, he was prejudiced by his attorney's failure to do so because a defendant cannot raise a sufficiency argument on appeal without having moved for acquittal under Crim.R. 29. Mr. Burnette is mistaken, however, as "a Crim.R. 29 motion is not necessary to preserve the issue of sufficiency for appeal." *State v. Good*, 9th Dist. Wayne Nos. 10CA0056, 10CA0057, 2011-Ohio-5077, ¶ 26. This Court has reviewed Mr. Burnette's sufficiency argument on the merits and has concluded that his convictions are based on sufficient evidence. *See* Discussion of Assignment of Error Number One, *supra*. Because Mr. Burnette has not established prejudice as a result of his attorney's failure to move for a judgment of acquittal, this Court rejects his argument to the contrary. *See Strickland*, 466 U.S. at 687.

{¶24} Second, Mr. Burnette argues that he received ineffective assistance of counsel because his attorney failed to ask him certain questions on redirect. When testifying on cross-examination, Mr. Burnette agreed that pulling someone out of bed could cause them injury. According to Mr. Burnette, he sustained prejudice when his attorney failed to have him clarify on redirect that it was never his intent to injure J.K.

{¶25} This Court has routinely held that "[d]ebatable trial tactics do not give rise to a claim of ineffective assistance of counsel." *State v. Patton*, 9th Dist. Wayne No. 19AP0028, 2021-Ohio-1230, ¶ 10. Mr. Burnette's attorney may well have made a tactical decision not to explore certain issues on redirect. *See State v. Chisolm*, 9th Dist. Lorain No. 05CA008782, 2006-Ohio-

5051, ¶ 19 ("[A]n attorney's decisions as to whether or not to question a witness and the extent of such questioning are tactical matters."). Moreover, when Mr. Burnette's attorney asked him about pulling J.K. from the bed on direct examination, Mr. Burnette specifically testified that he wished he had acted differently that evening and that he never intended to cause J.K. harm because he loved him. The jury, therefore, heard Mr. Burnette testify that he never intended to hurt J.K. Mr. Burnette has not shown that he was prejudiced by his attorney's failure to repeat that line of questioning on redirect. Thus, his fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

[MR.] BURNETTE'S SENTENCING IS EXCESSIVE, CONTRARY TO LAW AND VIOLATES DUE PROCESS, IS A RESULT OF COURT'S PUNISHMENT FOR [MR. BURNETTE] NOT SPEAKING AT SENTENCE AND NOT ACCEPTING RESPONSIBILITY WITH PROBATION; SENTENCE IS NOT SUPPORTED BY THE RECORD AND WITHOUT MAKING THE REQUISITE STATUTORY FINDING.

{¶26} In his fifth assignment of error, Mr. Burnette argues that the trial court erred when it sentenced him to a jail term of 90 days. He argues that the court failed to consider any of the sentencing factors set forth in R.C. 2929.22 and that his sentence amounted to a punishment based on his perceived failure to accept responsibility. For the following reasons, this Court rejects his argument.

{¶27} "A trial court has discretion when imposing sentence for misdemeanors." *State v. Zappa*, 9th Dist. Wayne No. 20AP0025, 2022-Ohio-243, ¶ 34, citing R.C. 2929.22(A). *See also State v. Senz*, 9th Dist. Medina No. 17CA0001-M, 2018-Ohio-628, ¶ 34, quoting *State v. Woody*, 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15. Consequently, we review misdemeanor sentences for an abuse of discretion unless the sentence is contrary to law. *Senz* at ¶ 34, quoting *Woody* at ¶ 15, quoting *State v. Schneider*, 9th Dist. Wayne No. 09CA0026, 2009-Ohio-6025, ¶ 6.

{¶28} "'"[I]t is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22."'" *State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6, quoting *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 3, quoting *State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21. Yet, "'[a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 "absent an affirmative showing to the contrary."'" *Seidowsky* at ¶ 6, quoting *Endress* at ¶ 4, quoting *Smith* at ¶ 21. "The burden of demonstrating this error falls to the appellant." *Endress* at ¶ 4.

{¶29} Mr. Burnette argues that the record is devoid of any indication that the trial court considered each of the factors set forth in R.C. 2929.22. He notes that J.K. failed to attend the sentencing hearing to offer a victim-impact statement in person. Further, he notes he had no prior record, he was voluntarily engaged in anger management counseling at the time of sentencing, and his attorney explained that he would not be speaking at the sentencing hearing because he intended to appeal. According to Mr. Burnette, the trial court was "upset and offended" by his refusal to accept the blame for his fight with J.K. at sentencing or during his pre-sentence investigation interview. He claims that his 90-day jail sentence amounts to an improper punishment rather than a penalty the court imposed after properly considering the factors set forth in R.C. 2929.22.

{¶30} Upon review, this Court rejects Mr. Burnette's argument. Although Mr. Burnette's conviction for domestic violence was a first-degree misdemeanor that was punishable by up to 180 days in jail, *see* R.C. 2919.25(A)/(D)(2) and 2929.24(A)(1), the trial court only sentenced him to 90 days in jail. In imposing that jail term, the court noted that it had considered the pre-sentence investigation report, Mr. Burnette's failure to express remorse, the fact that he had attacked J.K. while J.K. was lying in bed, Mr. Burnette's lack of criminal history, and his willingness to begin

anger management counseling. The court also noted that it had considered a written statement that had been submitted by J.K. and the fact that Mr. Burnette's conduct had clearly "harmed him emotionally as well as physically." There is nothing in the record to suggest that the trial court failed to consider the factors set forth in R.C. 2929.22. "As noted above, [this Court] must presume that the trial court considered the factors set forth in R.C. 2929.22 in misdemeanor sentencing." *State v. Hatten*, 9th Dist. Medina No. 19CA0040-M, 2019-Ohio-5401, ¶ 9. Because Mr. Burnette has not met his burden of making "'"an affirmative showing to the contrary,"'" this Court rejects his argument. *Seidowsky*, 2015-Ohio-4311, at ¶ 6, quoting *Endress*, 2008-Ohio-4498, at ¶ 4, quoting *Smith*, 2006-Ohio-1558, at ¶ 21.

{¶31} To the extent Mr. Burnette also attempts to argue that his 90-day jail sentence is excessive, this Court notes that his pre-sentence investigation report has not been made a part of the record. Both the State and the trial court relied on the pre-sentence investigation report at sentencing, but the report was never filed. "Given the absence of the [pre-sentence] report from the record, [this Court is] unable to fully review whether the trial court abused its discretion in sentencing [Mr. Burnette] and [] must presume regularity." *State v. Vigilante*, 9th Dist. Medina No. 14CA0039-M, 2015-Ohio-4221, ¶ 18. *Accord Hatten* at ¶ 10. As such, Mr. Burnette's fifth assignment of error is overruled.

III.

{¶32} Mr. Burnette's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and FREELAND OLIVERIO, Assistant Prosecuting Attorney, for Appellee.