[Cite as *State v. Walls*, 2023-Ohio-3459.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ANDREW C. WALLS

    Appellant

C.A. Nos.     30546
                 30547

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    22CRB01330
             22CRB01356

DECISION AND JOURNAL ENTRY

Dated: September 27, 2023

HENSAL, Judge.

{¶1} Andrew Walls appeals from two judgments of the Akron Municipal Court. This Court affirms.

I.

{¶2} Mr. Walls punched two women in the face during an affray in Highland Square. He was intoxicated and, when the police arrested him on scene, he was carrying a gun. Mr. Walls was charged with violations of the Akron Municipal Code in two separate criminal cases due to there being two separate victims. In Criminal Case Number 22CRB01330, he was charged with assault and having a weapon while intoxicated. In Criminal Case Number 22CRB01356, he was charged with assault.

{¶3} Mr. Walls ultimately entered a no contest plea. He agreed to plead to one count of assault in Case Number 22CRB01330 and one count of disorderly conduct in Case Number

22CRB01356. The State agreed to seek the dismissal of his remaining charge for having a weapon while intoxicated. After the trial court accepted Mr. Walls' plea, it ordered a presentence investigation and set the matter for sentencing.

{¶4} In Case Number 22CRB01330, the trial court sentenced Mr. Walls to 180 days in jail and a fine. In Case Number 22CRB01356, it sentenced him to 30 days in jail, suspended on the condition that he complete counseling and two years of probation. Mr. Walls filed appeals in both of his criminal cases. Because he filed one brief addressing both appeals, this Court consolidated the appeals for oral argument and decision. Mr. Walls raises one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY CONSIDERING DEFENDANT'S PRE-TRIAL SILENCE AS A DEMONSTRATION THAT THE DEFENDANT LACKED REMORSE FOR PURPOSES OF SENTENCING.

{¶5} In his assignment of error, Mr. Walls argues the trial court erred when it imposed the maximum sentence for his misdemeanor offenses. According to Mr. Walls, the court improperly considered his pretrial silence as a factor in its sentencing decision and misapplied the applicable sentencing factors. For the following reasons, this Court rejects his argument.

{¶6} We begin by addressing the State's argument that these appeals are moot. At oral argument, the State argued these appeals are moot due to Mr. Walls having completed his 180-day jail sentence. The trial court also imposed a fine upon Mr. Walls in Case Number 22CRB01330, however, and Mr. Walls has yet to pay it. *See N. Trust Bank, FSB v. Bolognue Holdings, Inc.*, 9th Dist. Summit No. 26290, 2012-Ohio-4913, ¶ 3 ("[A] court may consider evidence that is outside the record to determine if a case is moot."). Further, in Case Number 22CRB01356, Mr. Walls

received a suspended sentence on the condition that he complete two years of probation. Given his unpaid fine and the period of probation he must serve, we cannot conclude his appeals are moot. *See State v. Carnahan*, 9th Dist. Wayne No. 18AP0029, 2019-Ohio-3217, ¶ 8 (appeal not moot where defendant had yet to pay fine); *State v. Funk*, 9th Dist. Summit No. 23556, 2007-Ohio-4807, ¶ 11 (appeal not moot where defendant was subject to community control and suspended sentence).

{¶7}    "When imposing a sentence for a misdemeanor, a trial court has discretion 'to determine the most effective way to achieve the purposes and principles of sentencing set forth in [Revised Code 2929.21].'" *State v. Taylor-Franklin*, 9th Dist. Wayne No. 22AP0014, 2023-Ohio-1851, ¶ 10, quoting R.C. 2929.22(A). The court "may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." R.C. 2929.22(A). "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *State v. Hoffman*, 9th Dist. Medina No. 17CA0067-M, 2018-Ohio-2992, ¶ 5, quoting *State v. Senz*, 9th Dist. Medina No. 17CA0001-M, 2018-Ohio-628, ¶ 34.

{¶8}    Mr. Walls argues the trial court abused its discretion when it imposed his sentence because the maximum sentence was not warranted. He argues his presentence investigation report showed he had no criminal history, was compliant throughout the presentence investigation process, and had received counseling. According to Mr. Walls, the trial court effectively punished him for exercising his right to remain silent during the pretrial proceedings by equating his silence with a lack of remorse. He argues a lack of remorse is not one of the sentencing factors a court must consider when determining an appropriate sentence for a misdemeanor. *See* R.C. 2929.22(B)(1)(a)-(g). He contends the public nature of his case, the media attention it received,

and "the community's push to have [him] labeled as a racist and/or hate crime monger" influenced the trial court's sentencing decision. Because the court violated his right to remain silent and did not adhere to the proper sentencing factors, Mr. Walls argues, this matter must be remanded for resentencing.

{¶9} Assuming without deciding Mr. Walls has preserved his sentencing argument for appeal,[1] this Court is compelled to presume regularity and affirm the trial court's judgment. The trial court relied on Mr. Walls' presentence investigation report in fashioning his sentence. Mr. Walls also cites the report on appeal as evidence that he had no criminal history, was cooperative, and completed counseling. Yet, it does not appear the report was ever filed, and it has not been included in the appellate record. Without the report, we are "unable to fully review whether the trial court abused its discretion in sentencing [Mr. Walls] and [] must presume regularity." *State v. Burnette*, 9th Dist. Wayne No. 20AP0036, 2022-Ohio-1103, ¶ 31, quoting *State v. Vigilante*, 9th Dist. Medina No. 14CA0039-M, 2015-Ohio-4221, ¶ 18. Accordingly, Mr. Walls' assignment of error is overruled.

III.

{¶10} Mr. Walls' assignment of error is overruled. The judgments of the Akron Municipal Court are affirmed.

---

[1] The State argues Mr. Walls forfeited his arguments by failing to object to his sentence in the trial court. At the conclusion of his sentencing hearing, however, Mr. Walls indicated he would be filing a motion to reconsider his sentence. He has asserted in his appellate brief that he filed his motion to reconsider before filing his notice of appeal, but the trial court never ruled on it. This Court is unable to review his motion to reconsider or see the arguments raised therein because the motion has not been included in the record filed on appeal. Even so, this Court need not determine whether Mr. Walls preserved his arguments for appeal. Because this Court resolves his appeals on other procedural grounds, we assume for purposes of our discussion that he preserved his arguments.

Judgments affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

FLAGG LANZINGER, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ANDREW J. WIDES, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER and VONSHEAY V. BROWN, Assistant Directors of Law, for Appellee.