DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Shannon M. Endress, appeals the sentence imposed by the Wadsworth Municipal Court. We affirm.
 {¶ 2} Defendant pled no contest to one charge of assault in violation of R.C. 2903.13, a first-degree misdemeanor. The trial court found her guilty, sentenced her to a ninety-day jail term, and ordered her to pay restitution in the amount of $5,088.00. Defendant appealed her sentence, arguing that the trial court erred in sentencing her to a jail term.
 ASSIGNMENT OF ERROR "The trial court abused its discretion by sentencing defendant-Appellant to a jail term of ninety (90) days for the assault offense to which she had pleaded `no contest', where it was defendant-appellant's first criminal offense and neither the record nor the statutory sentencing factors for misdemeanors under O.R.C. § 2929.22(B)(1) supported the imposition of a jail term in this case."
 {¶ 3} Defendant's assignment of error is that the trial court abused its discretion by sentencing her to a jail term for a first offense. This Court reviews misdemeanor sentencing for an abuse of discretion: *Page 2 
 "Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. However, it is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22." (Internal citations omitted.) State v. Smith, 9th Dist. No. 05CA0006, 2006-Ohio-1558, at ¶ 21. See, also, State v. Jones, 9th Dist. No. 02CA0018, 2003-Ohio-20.
 {¶ 4} A trial court is presumed to have considered the factors set forth in R.C. 2929.22 "absent an affirmative showing to the contrary."Smith at ¶ 21. The burden of demonstrating this error falls to the appellant. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. See, also, Loc. R. 5(A).
 {¶ 5} App. R. 9(A) describes the procedure that must be followed when the transcript of proceedings consists of a videotape:
 "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
See, also, Loc. R. 5(A)(1)(b). Defendant complied with these requirements by providing this Court with a videotape of her change of plea hearing and her sentencing. The videotape has been certified by the official court reporter of the Medina Municipal Court, and Defendant's brief includes a written transcription of the portions of the transcript pertinent to her assignment of *Page 3 
error. Unfortunately, however, it appears that the video equipment used to record the sentencing hearing malfunctioned during sentencing. The video transcript did not record anything between the victim impact statement and a concluding discussion with the trial court regarding a payment plan for Defendant's restitution. The sentence itself, and the trial court's rationale, have not been preserved for review. Because this portion of the video transcript is unavailable, Defendant should have proceeded under App. R. 9(C). See, also, Loc. R. 5(A).
 {¶ 6} Defendant has not provided this Court with a record of her sentencing. This Court must, therefore, presume the validity of the proceedings in the trial court. Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 4 
 MOORE, P. J. DICKINSON, J. CONCUR *Page 1