[Cite as *State v. Seidowsky*, 2015-Ohio-4311.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   13CA0037-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY SEIDOWSKY | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.   13-CRB-00322 |

DECISION AND JOURNAL ENTRY

Dated: October 19, 2015

CARR, Presiding Judge.

{¶1}  Appellant, Jeffrey Seidowsky, appeals the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2}  This matter arises out of a domestic dispute between Seidowsky and his girlfriend, J.Y. Seidowsky and J.Y. resided together in Medina. On March 16, 2013, Seidowsky assaulted the couple's five-month-old puppy after it had an accident in the house. J.Y. attempted to intervene and a heated argument ensued. The confrontation grew violent and Seidowsky struck J.Y. in the face. Seidowsky then threated J.Y.'s life and warned her not to go to law enforcement. J.Y. eventually left the scene and reported the incident to police. On March 18, 2013, Seidowsky was charged with two counts of domestic violence in the Medina Municipal Court.

{¶3} After initially pleading not guilty to the charges at arraignment, Seidowsky appeared before a magistrate for a change of plea hearing and entered a plea of no contest to one count of domestic violence assault in violation of R.C. 2919.25(A). Pursuant to an agreement with the State, one count of domestic violence menacing, in violation of R.C. 2919.25(C), was dismissed. Seidowsky was found guilty of domestic violence assault, and a presentence investigation report was ordered. Seidowsky subsequently appeared for a sentencing hearing where the trial court imposed a 180-day jail sentence with credit for time served.

{¶4} Seidowsky filed a timely notice of appeal. Two attorneys filed *Anders* briefs on behalf of Seidowsky and withdrew as counsel. We note that "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Internal quotations and citations omitted.) *State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4. Because our independent review of the record revealed the existence of arguable issues that were not wholly frivolous, we appointed a third attorney to represent Seidowsky on appeal. *See State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 2. Appellate counsel filed a merit brief on January 5, 2015. Now before this Court, Seidowsky raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM JAIL TERM OF ONE HUNDRED EIGHTY DAYS, WITHOUT CONSIDERATION OF ALL OF THE SENTENCING FACTORS UNDER R.C. 2929.22.

**{¶5}** In his sole assignment of error, Seidowsky contends that the trial court failed to consider the factors in R.C. 2929.22 prior to imposing a 180-day jail sentence. This Court disagrees.

**{¶6}** This Court has held as follows:

> "Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. However, it is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22." (Internal citations omitted.) *State v. Smith*, 9th Dist. No. Wayne 05CA0006, 2006-Ohio-1558, at ¶ 21. *See also State v. Jones*, 9th Dist. Wayne No. 02CA0018, 2003-Ohio-20.

*State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 3. "A trial court is presumed to have considered the factors set forth in R.C. 2929.22 'absent an affirmative showing to the contrary.'" *Endress* at ¶ 4, quoting *Smith* at ¶ 21. "The burden of demonstrating this error falls to the appellant." *Endress* at ¶ 4, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Moreover, "[w]hen a presentence investigation report is ordered, '[w]e presume that the court utilized the information in the report when issuing its sentence.'" *State v. Pope*, 9th Dist. Medina No. 13CA0031-M, 2014-Ohio-2864, ¶ 14, quoting *State v. Coryell*, 9th Dist. Summit No. 24338, 2009-Ohio-1984, at ¶ 19.

**{¶7}** In his merit brief, Seidowsky contends that there is no indication in the record that the trial court considered any of the sentencing factors under R.C. 2929.22 other than his prior criminal record. Seidowsky further asserts that a six-month jail term was unwarranted because he took responsibility for his actions and this case did not involve the worst form of domestic violence.

**{¶8}** Seidowsky's argument is without merit. Seidowsky has not identified anything in the record suggesting the trial court disregarded the sentencing factors, and this Court's review

of the record fails to yield "an affirmative showing" that the trial court failed to consider the factors set forth in R.C. 2929.22. *Endress* at ¶ 4, quoting *Smith* at ¶ 21. Furthermore, it is apparent from the sentencing transcript that the trial court reviewed the presentence investigation report prior to sentencing, and the official version of the incident contained therein indicates that Seidowsky engaged in a string of violent and extreme behavior. After repeatedly assaulting their dog, Seidowsky struck J.Y. when she attempted to intervene. Seidowsky then kicked and pulled J.Y.'s legs as she cried for help. After previously telling J.Y. that he would "beat [her] to death" if she called police, Seidowsky broke into a bathroom where J.Y. was crying and again threatened to "hunt [her] down" and kill her if he ended up going to jail. In light of the severity of Seidowsky's conduct, and absent any indication that the trial court failed to consider the sentencing factors set forth in R.C. 2929.22, Seidowsky cannot prevail on his argument that the trial court abused its discretion in sentencing him to a six-month jail term.

{¶9} The assignment of error is overruled.

III.

{¶10} Seidowsky's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANEIR, JOHN G. QUILLIN, and MICHAEL L. JOHN, Prosecuting Attorneys, for Appellee.