[Cite as *State v. Powell*, 2019-Ohio-2061.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 18CA0048-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLARENCE E. POWELL, JR. | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18CRB0146 |

DECISION AND JOURNAL ENTRY

Dated: May 28, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Clarence E. Powell Jr., appeals from the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2} Medina City Police stopped Mr. Powell's vehicle after observing him roll through a stop sign. He was arrested for driving under suspension ("DUS"), failure to reinstate his license, and failure to stop at a stop sign. During booking, an agent of the Medina County Drug Task Force advised police to also charge Mr. Powell with criminal trespass, as he had been observed earlier in the Union Square Apartment complex. Mr. Powell was banned from the complex over twenty years ago.

{¶3} Mr. Powell pled guilty to DUS, while the failure to reinstate his license and failure to stop at a stop sign charges were dismissed. He also pled no contest to criminal trespass and was found guilty. A pre-sentence investigation report ("PSI") was ordered, and the trial

court later sentenced him to time served for the DUS and thirty days in jail for criminal trespass. He sought and received a stay of the execution of his sentence in the trial court pending appeal.

{¶4} Mr. Powell now appeals from the trial court's judgment and raises one assignment of error for this Court's review. He also moved this Court to supplement the record with a copy of the PSI, and the State did not respond in opposition.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM JAIL TERM OF THIRTY DAYS, WITHOUT CONSIDERATION OF ALL OF THE SENTENCING FACTORS UNDER R.C. 2929.22.

{¶5} In his sole assignment of error, Mr. Powell argues that the trial court erred by failing to consider the factors in R.C. 2929.22 before sentencing him to the maximum jail term of thirty days for criminal trespass. We disagree.

{¶6} This Court has held that abuse of discretion is the proper standard of review:

Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute. However, it is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22.

*State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6, quoting *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 3, quoting *State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21. *See also State v. Jones*, 9th Dist. Wayne No. 02CA0018, 2003-Ohio-20. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion

standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} Mr. Powell argues that "there is no indication in the record that the trial court considered any of the sentencing factors under R.C. 2929.22, other than [his] age and prior criminal record." However, "[a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 'absent an affirmative showing to the contrary.'" *Seidowsky* at ¶ 6, quoting *Endress* at ¶ 4, quoting *Smith* at ¶ 21. "'The burden of demonstrating this error falls to the appellant.'" *Id.*, quoting *Endress* at ¶ 4, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Mr. Powell has not directed us to anything in the record indicating the trial court failed to consider the R.C. 2929.22 sentencing factors, and our review of the record likewise reveals no "affirmative showing" that the court failed to consider the sentencing factors. *See Seidowsky* at ¶ 6.

{¶8} Mr. Powell also argues that the "PSI [] makes it clear that this was <u>not</u> the worst form of the offense" and he "took responsibility for his actions by pleading 'no contest' * * *." However, courts may impose maximum sentences for misdemeanors not only upon offenders who commit the worst forms of the offense, but also upon offenders "whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C). At Mr. Powell's sentencing hearing, the trial court expressed serious concern over his extensive criminal history listed in the PSI, which included over a dozen other cases, multiple prison terms, and both parole and community control/probation violations. When considering Mr. Powell's conduct and response to prior sanctions for prior offenses, and absent any indication that the trial court failed to consider the R.C. 2929.22 sentencing factors, we cannot conclude that the trial

court erred or abused its discretion in sentencing him to the maximum thirty days in jail for the offense of criminal trespass.

{¶9} Mr. Powell's assignment of error is overruled.

III.

{¶10} Mr. Powell's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

GREGORY HUBER and ROBERT B. CAMPBELL, Prosecuting Attorneys, for Appellee.