[Cite as *State v. Hatten*, 2019-Ohio-5401.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 19CA0040-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHETORIA M. HATTEN | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18CRB00362 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2019

CARR, Judge.

{¶1}     Appellant, Shetoria Hatten, appeals the judgment of the Wadsworth Municipal Court.  This Court affirms.

I.

{¶2}     This appeal arises out of an attempted shoplifting at a Walmart.  On April 23, 2018, a complaint was filed in the Wadsworth Municipal Court charging Hatten with one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.  Hatten initially pleaded not guilty to the charge at arraignment.

{¶3}     Thereafter, Hatten appeared before the trial court and pleaded guilty to an amended count of attempted theft, a misdemeanor of the second degree.  The trial court imposed a 90-day jail sentence as well as a $250.00 fine.  In addition to ordering that Hatten receive credit for 17 days served, the trial court further ordered that Hatten's sentence in this case was to be served concurrently with her sentence in a separate case.

**{¶4}** Hatten successfully moved for leave to file a delayed appeal. Now before this Court, Hatten raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT-APPELLANT TO THE MAXIMUM JAIL TERM WITHOUT CONSIDERING THE SENTENCING FACTORS UNDER R.C. 2929.22[.]

**{¶5}** In her sole assignment of error, Hatten contends that the trial court failed to consider the factors under R.C. 2929.22 prior to imposing a maximum sentence. Hatten further contends that a maximum sentence was unwarranted under the facts of this case. This Court disagrees.

**{¶6}** "Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute." *State v. Seidowsky*, 9th Dist. Medina No. 13CA0037-M, 2015-Ohio-4311, ¶ 6, quoting *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 3. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** "[I]t is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22." *Seidowsky* at ¶ 6, quoting *Endress* at ¶ 3. However, "[a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 'absent an affirmative showing to the contrary.'" *Seidowsky* at ¶ 6, quoting *Endress* at ¶ 4. "The burden of demonstrating this error falls to the appellant." *Endress* at ¶ 4.

{¶8} Hatten contends that there is nothing in the record indicating that the trial court considered the factors set forth in R.C. 2929.22. Hatten emphasizes this point with respect to R.C. 2929.22(C), which states that "[a] court may impose the longest jail term authorized under [R.C. 2929.24] only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."

{¶9} Hatten's argument is without merit. At sentencing, the trial court indicated that it reviewed the presentence investigation report prior to imposing the 90-day sentence. There is nothing in the record suggesting that the trial court failed to consider the factors set forth in R.C. 2929.22. As noted above, we must presume that the trial court considered the factors set forth in R.C. 2929.22 in misdemeanor sentencing. *See State v. Powell*, 9th Dist. Medina No. 18CA0048-M, 2019-Ohio-2061, ¶ 7. As Hatten has not met her burden of making an affirmative demonstration to the contrary, she cannot prevail on her argument. *Id*.

{¶10} Hatten further contends that the circumstances of this case did not merit a 90-day jail sentence. Hatten maintains that while the trial court stated that it considered the presentence investigation report, it did not state on the record what information from the report it considered in imposing sentence. The presentence investigation report has not been made part of the appellate record in the instant appeal. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. As the presentence investigation report is not included in the appellate record here, we must

presume regularity in the trial court's proceedings. *See State v. Burden*, 9th Dist. Summit No. 28367, 2017-Ohio-4420, ¶ 7.

{¶11} Hatten's sole assignment of error is overruled.

III.

{¶12} Hatten's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WESLEY A., JOHNSTON, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.