[Cite as *State v. Espana*, 2022-Ohio-2813.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF WAYNE | )ss:<br>) | NINTH JUDICIAL DISTRICT |

STATE OF OHIO

    Appellee

v.

EMERSON VELIZ ESPANA

    Appellant

C.A. Nos.     21AP0044
                21AP0045

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE Nos.   2021 TR-C 000409
            2021 TR-C 001929

DECISION AND JOURNAL ENTRY

Dated: August 15, 2022

---

HENSAL, Presiding Judge.

**{¶1}** Emerson Veliz Espana appeals his sentence from the Wayne County Municipal Court. This Court affirms.

I.

**{¶2}** On January 28, 2021, Mr. Espana was cited for operating a vehicle while under the influence of alcohol ("OVI") in violation of Revised Code Sections 4511.19(A)(1)(a) and 4511.19(A)(1)(d) in case number 2021 TR-C 000409 (the "First Case"). The following week, he appeared in court with a Spanish speaking interpreter. Mr. Espana executed a waiver of rights, elected to proceed pro se, and pleaded guilty to the charges. The trial court suspended Mr. Espana's driver's license for 12 months, issued a fine plus court costs, assessed six points against his driver's license, placed him on 12 months of community control, and ordered him to serve 3 days in jail or, in the alternative, complete a 72-hour treatment program.

{¶3}   On April 3, 2021, Mr. Espana was cited for a second OVI in case number 2021 TR-C 001929 (the "Second Case").  As a result, on April 5, 2021, Mr. Espana was cited with a community control sanction violation in the First Case.  A few days later, counsel filed a notice of appearance in both cases.

{¶4}   On June 8, 2021, Mr. Espana executed a waiver and admission, waiving his right to a hearing and admitting that he committed the community control sanction violation in the First Case.  The trial court sentenced Mr. Espana to 30 days in jail, 15 days of which could be served on home arrest, and continued his community control as originally imposed.

{¶5}   That same day, Mr. Espana executed a waiver of rights in the Second Case, pleading no contest to the second OVI charge.  The trial court suspended Mr. Espana's driver's license for 18 months (consecutive to the suspension from the First Case), imposed a fine plus court costs, assessed 6 points against his driver's license, placed him on 36 months of community control, and ordered him to serve 30 days in jail for that offense.

{¶6}   About one month later, on July 12, 2021, Mr. Espana was cited with a community control sanction violation in both cases for consuming alcohol.  Two months later, Mr. Espana executed a waiver and admission in both cases, waiving his right to a hearing and admitting that he committed the community control sanction violation.

{¶7}   The trial court terminated Mr. Espana's community control in both cases, finding that it was no longer appropriate.  The trial court then imposed a 30-day jail sentence in the First Case, and a 90-day jail sentence in the second case, set to run consecutively.

{¶8}   At the sentencing hearing, the trial court stated:

You've left this Court without any reasonable option.  On your case I have tried everything short of incarceration.  I have given you one opportunity on probation and you failed that opportunity by drinking again.  And to make matters worse, you received an OVI because of it.  You put yourself and others at continued risk by

continuing drinking and driving. * * * I have tried everything short of actually putting you in jail to get the point across. * * * Mr. Espana I have given you plenty of opportunities to avoid incarceration. At this point, the scale has tipped strongly in favor of public safety which is why you are going to jail today. It is unfortunate, but it is all that is left.

{¶9} Mr. Espana now appeals his sentence, raising one assignment of error for this Court's review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN [] SENTENCING APPELLANT WITHOUT CONSIDERATION OF THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE [] 2929.22.

{¶10} In his sole assignment of error, Mr. Espana argues that the trial court erred by imposing a sentence without considering the sentencing factors set forth in Section 2929.22(B)(1). He asserts that, aside from these OVI cases, he has no prior criminal record, has not had the opportunity to address his problem with alcohol, has accepted responsibility for his actions, and has experienced difficulty locating counselors that speak Spanish.

{¶11} "A trial court generally has discretion in misdemeanor sentencing." *State v. Woody*, 9th Dist. Lorain No. 14CA010679, 2016-Ohio-631, ¶ 15, citing *State v. Schneider*, 9th Dist. Wayne No. 09CA0026, 2009-Ohio-6025, ¶ 6. "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *Woody* at ¶ 15, quoting *Schneider* at ¶ 6. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Section 2929.22(B)(1) provides that a trial court must consider the following factors in determining the appropriate sentence for a misdemeanor:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶13} "It is well-recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22." *Woody* at ¶ 17. Nonetheless, "[a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 'absent an affirmative showing to the contrary.'" *Id.*, quoting *State v. Endress*, 9th Dist. Medina No. 08CA0011-M, 2008-Ohio-4498, ¶ 4. "The burden of demonstrating this error falls to the appellant." *Id.*, quoting *Endress* at ¶ 4.

{¶14} Mr. Espana has not identified which of the sentencing factors set forth in Section 2929.22(B)(1) that the trial court failed to consider. Rather, he argues that he has no prior criminal record, has not had the opportunity to address his problem with alcohol, has accepted responsibility for his actions, and has experienced difficulty locating counselors that speak Spanish. Of the

foregoing, the only relevant factor for Section 2929.22(B)(1) purposes is Mr. Espana's alleged lack of a criminal record.

{¶15} Section 2929.22(B)(1)(b) requires a trial court to consider "[w]hether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense[.]" Here, the trial court considered the fact that Mr. Espana committed two OVIs within a relatively short period of time, as well as the fact that he committed a community control sanction violation for consuming alcohol. The fact that Mr. Espana may not have had a criminal record prior to these OVI cases does not change the fact that, by the time the trial court terminated his community control and imposed the 120-day jail sentence, Mr. Espana had two OVI convictions and had not complied with the conditions of his community control.

{¶16} Having reviewed the record and the argument presented, this Court concludes that Mr. Espana has not met his burden of affirmatively showing that the trial court failed to consider the sentencing factors set forth in Section 2929.22(B)(1). *See Woody*, 2016-Ohio-631, at ¶ 17. His argument that the trial court abused its discretion by not doing so, therefore, lacks merit. Accordingly, this Court overrules his assignment of error.

### III.

{¶17} Mr. Espana's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and JEFF MCENDREE, Assistant Prosecuting Attorney, for Appellee.