[Cite as *State v. Schreiber*, 2023-Ohio-1864.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : | Case No.   2022 CA 000098 |
|  | : |         2022 CA 000099 |
| JOSEPH SCHREIBER | : |         2022 CA 000100 |
|  | : |         2022 CA 000101 |
| Defendant-Appellant |  |  |
|  |  | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Municipal
                             Court, Case Nos. 22-CRB-
                             00861,2022CRB1027, 2022CRB1168, &
                             2022CRB1356

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 2, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MICHAEL S, COX                           TODD W. BARSTOW
Assistant Law Director                   261 West Johnstown Road
40 West Main Street, 4th Floor           Columbus, OH 43230
Newark, OH 43055

*Gwin, P.J.*

{¶1}    Defendant-appellant Joseph Schreiber ["Schreiber"] appeals his sentences after a negotiated guilty plea in the Licking County Municipal Court.

*Facts and Procedural History*

{¶2}    On June 6, 2022, in Licking County Municipal Court, Case Number 2022 CRB 00861, Schreiber was charged with one count of Theft, in violation of R.C. 2913.02, a misdemeanor of the first degree for stealing items from the Dollar General store in Newark.   Schreiber was additionally charged with Obstructing Official Business, in violation of R.C. 2921.31, a misdemeanor of the second degree[1].

{¶3}    On July 11, 2022 in Licking County Municipal Court, Case Number 2022 CRB 1027, Schreiber was charged with one count of Theft, in violation of R.C. 2913.02, a misdemeanor of the first degree for stealing items from the Walmart in Heath. Schreiber was additionally charged with Obstructing Official Business, in violation of R.C. 2921.31, a misdemeanor of the second degree, and Resisting Arrest, in violation of R.C. 2921.33, a misdemeanor of the second degree[2].

{¶4}    Schreiber failed to appear on July 21, 2022 for a jury trial in Case Number 2022 CRB 00861 and a bench warrant was issued for his arrest.  [Docket Entry No. 32].

{¶5}    On July 27, 2022, in Licking County Municipal Court, Case Number 2022 CRB 1168, Schreiber was charged with one count of Arson, a misdemeanor of the first degree, in that he was accused of setting fire to collection bins at the Salvation Army store in Newark[3].

---

[1] 2022 CA 0098
[2] 2022 CA 0099
[3] 2022 CA 0100

{¶6}    On August 29,2022, in Licking County Municipal Court, Case Number 2022 CRB 1356, Schreiber was charged with one count of Theft, in violation of R.C. 2913.02, a misdemeanor of the first degree for stealing items from the Walmart in Newark[4]. Schreiber was additionally charged with Obstructing Official Business, in violation of R.C. 2921.31, a misdemeanor of the second degree, Resisting Arrest, in violation of R.C. 2921.33, a misdemeanor of the second degree, and Failure to Disclose, in violation of R.C. 2921.29, a misdemeanor of the fourth degree.

{¶7}    On October 12, 2022, Schreiber filed Criminal Rule 11(C) and (F) plea forms in each case.  The trial court conducted a plea hearing and accepted Schreiber's guilty pleas to each charge.  T. *Change of Plea,* Oct. 12, 2022 at 5-7.  The trial judge proceeded to impose sentence as follows, in Case No. 2022 CRB 00861 on both the theft and the obstructing official business charges, 30 days and a $150.00 fine and court costs.  Id. at 12; In Case No. 2022 CRB 1027, theft, 30 days, fine and court costs.  Id; In Case No. 2022 CRB 1356, on the theft charge, 30 days, on the resisting arrest, obstructing official business and failure to disclose, a fine of $150.00.  Id. In Case No. 2022 CRB 1168, arson, 90 days.  Id. All sentences were ordered to be served consecutively for an aggregate sentence of 180 days.  Id.

*Assignment of Error*

{¶8}    Schreiber raises one Assignment of Error,

{¶9}    "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT."

---

[4] 2022 CA 0101

*Law and Analysis*

{¶10}  Schreiber argues that R.C. 2929.26 authorizes the trial court to impose a residential sanction such as a halfway house or community based correctional facility, which would have achieved the goals of protecting society from him and treating his mental health and substance abuse issues.  He contends the trial court abused its discretion by imposing a 180 day jail sentence.

**Standard of Appellate Review**

{¶11}  Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute.  *State v. Thadur*, 5th Dist. Ashland No. 15 COA 018, 2016-Ohio-417, 59 N.E.3d 602, ¶ 11, *citing State v. Smith*, 9th Dist. Wayne No. 05CA0006, 2006-Ohio-1558, ¶ 21, internal citation omitted.  *See also State v. Chadwick*, 5th Dist. Knox No. 08CA15, 2009-Ohio-2472, ¶ 30; *State v. Lewis,* 5th Dist. Fairfield No. 2006-CA-00066, 2007 WL 270448 (Sept. 12, 2007), ¶19.  To find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence.  *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**{¶12}**   Furthermore, there is no requirement that a trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record.  *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046, ¶ 20.

**Issue for Appellate Review**: *Whether the trial court's decision to impose a jail sentence is clearly untenable, legally incorrect, amounts to a denial of justice, or reaches an end or purpose not justified by reason and the evidence*

**{¶13}**  R.C. 2929.22 lists factors that a sentencing court must consider when it imposes a sentence,

(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

{¶14} R.C. 2929.21 sets forth the criteria to be considered in imposing a jail term for a misdemeanor:

(A) A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing.  The overriding purposes of misdemeanor sentencing are to protect the public from future

crime by the offender and others and to punish the offender.  To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

(B) A sentence imposed for a misdemeanor or minor misdemeanor violation of a Revised Code provision or for a violation of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

{¶15}  R.C. 2929.41(B)(1) provides, in relevant part,

(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months.

{¶16} The 180 day jail term is within the statutory range for a misdemeanor of the first degree.    R.C.  2929.24(A)(1).  Schreiber  pled  to  and  was  convicted  of  four misdemeanors of the first degree.  The 180 day sentence does not exceed the permissible sentence  for  multiple  offenses  as  set  forth  in  R.C.  2929.41(B)(1).    Accordingly,  an aggregate sentence of 180 days in this case is not contrary to law.  In his appellate brief, Schreiber concedes the 180 day jail term is not contrary to law.

{¶17}  Under R.C. 2929.21(A) and (B), to achieve the purposes of protecting the public from future crime and punishing the offender, the sentencing court is to inter alia consider the offender's conduct, the impact of the offender's conduct on the victims, and the consistency of the sentence with sentences for similar offenses.  *State v. Frank*, 5th Dist.  Muskingum  No.  CT  2017-0102,  2018-Ohio-5148,  127  N.E.3d  363,  ¶  55  *citing Thadur*, 2016-Ohio-417, 59 N.E.3d 602, ¶ 15.

{¶18}  At the sentencing hearing, the trial judge noted that Schreiber set fire to a clothing bin at the Salvation Army. T. *Change of Plea,* Oct. 12, 2022 at 11.  The judge noted that the offense was particularly egregious because the items burned "could have been used by people who are financially disadvantaged and by destroying those you took away that resource for them…." Id.  The record contains eleven pages of Schreiber's criminal offenses dating back to 1992, for among other offenses, assault, domestic violence, OVI, driving under suspension, theft, and probation violations.

{¶19}  Upon a review of the record in this case, we find no abuse of discretion by the trial court in sentencing Schreiber to a term of 180 days in jail.  The sentence is within the statutory range for a misdemeanor of the first degree.  The 180 day sentence does not  exceed  the  permissible  sentence  for  multiple  offenses  as  set  forth  in  R.C.

2929.41(B)(1).    The sentencing hearing demonstrates the trial court considered the purpose of protecting the public from future crime and punishing Schreiber, while considering the impact of his crimes on the community.

{¶20}  The trial court's sentence is not legally incorrect or untenable.  Further, the sentence does not amount to a denial of justice, or reach an end or purpose not justified by reason and the evidence.

{¶21}  Schreiber's sole Assignment of Error is overruled.

{¶22}  The judgment of the Licking County Municipal Court is affirmed.


By Gwin, P.J.,

Wise, J., and

King, J., concur