[Cite as *State v. Yonkof*, 2025-Ohio-4890.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

ADAM YONKOF

    Appellant

C.A. No.    2024CA0091-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    CRB2400053

DECISION AND JOURNAL ENTRY

Dated: October 27, 2025

CARR, Judge.

{¶1}    Appellant, Adam Yonkof, appeals the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

{¶2}    This matter arises out of a road rage incident that occurred in Gilford Township on January 24, 2024. Due to snowy conditions, a FedEx truck driver was unable to pull into the driveway of a Blake Road resident who was awaiting a delivery. The driver parked the FedEx truck near the side of the road. Yonkof had difficulty driving his vehicle around the FedEx truck. After pulling in front of the FedEx truck, Yonkof exited his vehicle and began shouting insults at the driver. Yonkof then jumped into the cab of the FedEx truck and attempted to move it, although he was unsuccessful due to a lock on the steering wheel column. When the driver reentered the cab, Yonkof continued yelling at her until he ultimately exited the cab, returned to his vehicle, and drove away.

{¶3}    Two separate complaints were filed against Yonkof in relation to the incident. In Case No. CRB2400053(A), Yonkof was charged with one count of unauthorized use of a vehicle. In Case No. CRB2400053(B), Yonkof was charged with one count of menacing. Yonkof pleaded not guilty to the charges at arraignment. Yonkof subsequently appeared for a change-of-plea hearing. In Case No. CRB2400053(A), Yonkof entered a plea of no contest to an amended charge of attempted unauthorized use of a motor vehicle, a second-degree misdemeanor. In Case No. CRB 2400053(B), Yonkof entered a plea of no contest to an amended charge of disorderly conduct, a fourth-degree misdemeanor. The trial court found Yonkof guilty of the amended charges based on the facts presented at the plea hearing. The trial court ordered a presentence investigation report.

{¶4}    The matter proceeded to sentencing. Regarding the count of attempted unauthorized use of a motor vehicle, the trial court imposed a 90-day jail sentence, 85 days of which were suspended on the condition that Yonkof complete a three-year term of probation and perform 48 hours of community service. Yonkof was also ordered to pay a $150 fine and to write a letter of apology to the victim. On the count of disorderly conduct, the trial court imposed a $100 fine and sentenced Yonkof to 30 days in jail, 25 days of which were suspended on the condition that Yonkof complete probation. The trial court specified that the jail terms were to be served concurrently.

{¶5}    On appeal, Yonkof raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S SENTENCE OF APPELLANT WAS AN ABUSE OF DISCRETION.

**{¶6}** In his sole assignment of error, Yonkof argues that the trial court abused its discretion in imposing sentence by failing to consider the misdemeanor sentencing factors set forth in R.C. 2929.22(B). This Court disagrees.

**{¶7}** "Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute." *State v. Seidowsky*, 2015-Ohio-4311, ¶ 6 (9th Dist.), quoting *State v. Endress*, 2008-Ohio-4498, ¶ 3 (9th Dist.). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** "[I]t is well recognized that a trial court abuses its discretion when, in imposing a sentence for a misdemeanor, it fails to consider the factors set forth in R.C. 2929.22." (Citations omitted.) *State v. Hatten*, 2019-Ohio-5401, ¶ 7 (9th Dist.). "However, [a] trial court is presumed to have considered the factors set forth in R.C. 2929.22 absent an affirmative showing to the contrary. The burden of demonstrating this error falls to the appellant." (Internal citations and quotations omitted.) *Id*. at ¶ 7.

**{¶9}** R.C. 2929.22(B)(1) provides that "[i]n determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶10} Yonkof argues that the severity of his sentence indicates that the trial court failed to consider the factors set forth in R.C. 2929.22(B). Yonkof suggests that the trial court's decision to impose a jail term for non-violent offenses demonstrates that it failed to consider the nature of the offenses as required by R.C. 2929.22(B)(1)(a). Yonkof further contends that the trial court failed to account for the fact that he neither had a history of persistent criminal activity as noted in R.C. 2929.22(B)(1)(b), nor was he likely to commit future crimes pursuant to R.C. 2929.22(B)(1)(e). Yonkof further suggests that his employment history, combined with age and medical history, indicates that the trial court failed to consider R.C 2929.22(B)(1)(c) and (d), respectively.

{¶11} A review of the transcript reveals that both Yonkof and the FedEx truck driver addressed the court at sentencing. Yonkof indicated that he reacted poorly upon spotting an unsafe situation and encountering the FedEx truck driver, who Yonkof indicated used profanity toward him. Yonkof ultimately acknowledged that he was at fault in the situation. The FedEx truck driver insisted that the position of the truck did not create an unsafe situation and that she never used profanity toward Yonkof. The FedEx truck driver further stated that Yonkof made derogatory remarks toward her during the incident.

{¶12} In imposing sentence, the trial court stated on the record that it considered the misdemeanor sentencing factors set forth in R.C. 2929.22. The trial court further stated that it had given consideration to the PSI, the arguments presented by counsel, and the statements offered by Yonkof and the FedEx truck driver. While the trial court imposed a jail term on both counts, the trial court found it appropriate to suspend the vast majority of the jail time given Yonkof's lack of criminal history. The trial court noted, however, that ordering Yonkof to serve five days in jail was justified given the severity of his conduct and its effect on the victim.

{¶13} A review of the PSI reveals that while Yonkof did not have a criminal record, he had a fairly extensive traffic record. The PSI further indicated that Yonkof was a 63-year-old male who has owned an auto body repair shop for the last 29 years. Yonkof reported separate employment history where he acquired 20 years of supervisorial experience. With respect to the incident, Yonkof indicated that he thought the position of the FedEx truck created an unsafe situation and he initially did not think that he did anything wrong. Upon further reflection, Yonkof acknowledged that he "wigged" out and attempted to take matters into his own hands. Although Yonkof indicated that the FedEx truck driver was using profanity throughout the incident, Yonkof admitted that he was embarrassed and that his behavior was not acceptable.

{¶14} Based on the foregoing, Yonkof has not demonstrated that the trial court abused its discretion in imposing sentence. At the sentencing hearing, the trial court expressly stated that it considered the sentencing factors set forth in R.C. 2929.22(B). To the extent that Yonkof suggests that the trial court discussed certain factors but not others, this Court must presume that the trial court considered those factors in fashioning its sentence. *Hatten*, 2019-Ohio-5401, at ¶ 9 (9th Dist.). While Yonkof questions the trial court's decision to impose jail time for a non-violent offense, the record makes clear that Yonkof engaged in very troubling conduct that resulted in an

extremely volatile situation. The fact that the trial court suspended all but five days of the jail sentence based on Yonkof's personal history evidences that the trial court did not disregard the sentencing factors. *See* R.C. 2929.22(B)(1)(b) and (e). Under these circumstances, this Court cannot conclude that the trial court was unreasonable, arbitrary, or unconscionable in imposing sentence.

{¶15} Yonkof's assignment of error is overruled.

### III.

{¶16} Yonkof's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

BRADLEY J. PROUDFOOT, Director of Law, for Appellee.