[Cite as *State v. Hoover*, 2026-Ohio-1520.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
ASHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25COA027 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Ashland County, Case No. 24CRI294 |
| AARON HOOVER, | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment:  April 27, 2026 |

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Christopher R. Tunnell (Ashland County Prosecuting Attorney) & James B. Reese, III (Assistant Prosecuting Attorney), Ashland, Ohio, for Plaintiff-Appellee; Brian A. Smith, Fairlawn, Ohio, for Defendant-Appellant.


*Gormley, J.*

**{¶1}**    Defendant Aaron Hoover challenges in this appeal the 90-day jail sentence that he was ordered to serve after he pled guilty to a misdemeanor domestic-violence charge.  He argues here that the trial court, by imposing that jail sentence and by also placing him under community-control supervision for two years, abused its discretion. For the reasons explained below, we affirm the trial court's judgment.

**The Key Facts**

**{¶2}**    In November 2024, law-enforcement officers responded to a 9-1-1 call about a possible domestic dispute.  At the scene, M.K. — an adult woman — told the officers that Hoover had choked her and had struck her on the head.  The officers could see red marks on M.K.'s neck as well as a small bump on the side of her head.  Hoover himself admitted to the officers that he had "smacked" the side of M.K.'s head with a handgun.

{¶3} Hoover was charged with one count of strangulation (a felony) and one count of assault. In June 2025, Hoover pled guilty to an amended charge of domestic violence (a first-degree misdemeanor). The trial court ordered a presentence investigation and scheduled a sentencing hearing for August 2025. At the sentencing hearing, the trial court imposed a sentence of 90 days in jail and a community-control period of two years (during which the remainder of the full 180-day jail sentence for the domestic-violence offense could be imposed).

## The Trial Court Did Not Abuse Its Discretion by Imposing the Sentence That Hoover Received

{¶4} In his only assignment of error, Hoover argues that the trial court abused its discretion by imposing the sentence described above.

{¶5} "Generally, misdemeanor sentencing is within the sound discretion of the trial court and will not be disturbed upon review if the sentence is within the limits of the applicable statute." *State v. Schreiber*, 2023-Ohio-1864, ¶ 11 (5th Dist.). An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). To achieve the purposes of misdemeanor sentencing, the sentencing court must consider not only the "impact of the offense" on the victim but also "the need for changing the offender's behavior, rehabilitating the offender, and making restitution." *Id.*

{¶7} In determining the appropriate sentence for a misdemeanor, the trial court must consider the seven factors listed in R.C. 2929.22(B). These factors include the

nature and circumstances of the offense, the defendant's criminal history, factors regarding the victim's vulnerability, the likelihood of recidivism by the defendant, the defendant's record of military service, and any emotional, mental, or physical condition that is traceable to the defendant's military service. R.C. 2929.22(B)(a)–(g). When sentencing on misdemeanor offenses, the trial court is not required to state on the record its reasons for imposing a sentence. *State v. Gilmore*, 2024-Ohio-2095, ¶ 32 (5th Dist.).

**{¶8}** In this case, the trial judge stated at the sentencing hearing that he had reviewed the case history and had considered the statements of counsel and of Hoover, the purposes and principles of misdemeanor sentencing, and the recidivism factors. The trial judge also referred to the presentence report when commenting on Hoover's issues with alcohol and his need for supervision through the court's probation staff. That presentence report noted, too, that Hoover's actions had caused physical harm to the victim and that Hoover had possessed a firearm when committing the offense. The trial judge stated at the sentencing hearing that he found Hoover's offense to be a "serious" one.

**{¶9}** The trial court should have given more consideration — Hoover argues — to the fact that he had no felony convictions on his record, that he had participated in substance-use counseling, and that he did not test positive on any drug tests while released on bail. He says, also, that M.K. had been drinking alcohol on the evening of the offense, and he argues that the judge should have given more weight to that fact.

**{¶10}** As a reviewing court, we must presume that "the trial judge made the required considerations absent an affirmative showing to the contrary." *State v. Moreno*, 2024-Ohio-2055, ¶ 25 (5th Dist.). The burden of demonstrating an error on the part of the trial court falls to Hoover. *Id.* at ¶ 26, citing *State v. Endress*, 2008-Ohio-4498, ¶ 4

(9th Dist.). Hoover's belief that the mitigating factors in this case warranted a more lenient sentence than the one he received does not demonstrate that the trial court erred.

{¶11} Nothing in the sentencing entry suggests that the trial court fell short in its duty to consider the statutory factors, and the sentence was a permissible one under R.C. 2929.24(A)(1) (authorizing a jail term of up to 180 days for a first-degree misdemeanor) and R.C. 2929.25(A) (authorizing the imposition of both a jail term and a community-control period, with the supervision period lasting for up to five years). After reviewing the record, we find that the sentence imposed by the trial court was not unreasonable, arbitrary, or unconscionable.

{¶12} The judgment of the Court of Common Pleas of Asland County is affirmed. Costs are to be paid by Appellant Aaron Hoover.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.